# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KUNKEL,<br><br>             Plaintiff,<br><br>   v.<br><br>N. DILL, et al.,<br><br>            Defendants. | CASE NO. 1:09-cv-00686-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE DENIED<br><br>(Doc. 20)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Patrick Kunkel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 22, 2010, Defendant Pfeiffer filed a motion to dismiss on the ground that Plaintiff fails to state a claim against Pfeiffer. (Doc. #20.) Plaintiff filed an opposition to Defendant's motion to dismiss on May 18, 2010. (Doc. #38.) For the reasons set forth below, the Court recommends that Defendant's motion to dismiss be denied.

**I.   Background**

    **A.   Plaintiff's Claim Against Defendant Pfeiffer**

This action proceeds on Plaintiff's first amended complaint, filed on October 8, 2009. (Doc. #8.) Plaintiff's first amended complaint stated claims against Defendants Garcia, Mendoza, Araich, Mackey, Robaina, Dileo, Dill, Pfeiffer, Ali, and Zamora for the violation of Plaintiff's rights under the Eighth Amendment. Plaintiff's Eighth Amendment claim is based on Defendants' failure to provide Plaintiff with adequate dental treatment for a broken tooth and failure to provide adequate medical treatment for his ankle and knee injuries.

1    Plaintiff alleges that Defendant Pfeiffer is an appeals coordinator. Plaintiff alleged that
2 Pfeiffer became aware of Plaintiff's need for medical and dental treatment after Plaintiff filed
3 numerous appeals processed by Pfeiffer. Plaintiff further alleged that Pfeiffer ignored Plaintiff's
4 medical needs by denying or "screening out" Plaintiff's appeals.

###    B.    Defendant Pfeiffer's Motion to Dismiss

Defendant argues that Plaintiff fails to state a claim against Defendant Pfeiffer because "[t]here is no allegation that PFEIFFER was personally involved in the plaintiff's medical care or treatment plan and he is not alleged to belong to the medical staff." (Pfeiffer's Mem. of P. & A. in Supp. of His Mot. to Dismiss 4:9-11, ECF No. 20.) Pfeiffer alleges that Plaintiff only alleged that Pfeiffer considered Plaintiff's inmate appeals. Pfeiffer contends that Plaintiff cannot state a claim against Pfeiffer for failing to grant an administrative grievance.

###    C.    Plaintiff's Opposition to Defendant's Motion to Dismiss

Plaintiff argues that anybody who knows about a violation of the Constitution and fails to cure the violation is liable for the constitutional violation by failing to intervene. Plaintiff contends he filed at least 40 medical requests that did not receive a response over a five-month period of time. Plaintiff argues that Pfeiffer is liable for being aware that Plaintiff's constitutional rights were being violated and failing to intervene.

## II.    Discussion

###    A.    Federal Rule of Civil Procedure 12(b)(6)

Defendant contends that he is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's first amended complaint fails to state a claim against him. To survive a motion to dismiss for failure to state a claim, a complaint must meet the pleading standard set by Federal Rule of Civil Procedure 8. Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

### B. Eighth Amendment Claim Against Defendant Pfeiffer

Plaintiff claims that Defendant Pfeiffer violated Plaintiff's Eighth Amendment rights by ignoring Plaintiff's appeals concerning his lack of dental and medical treatment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately

indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

Plaintiff's complaint alleges that he had a serious medical need. Plaintiff claims he suffered severe pain because he was not given treatment for his broken tooth or for his ankle/knee injury. Plaintiff also alleges that the response from Defendant Pfeiffer was deliberately indifferent. Plaintiff alleges that Pfeiffer knew that Plaintiff had a serious medical need and knew that Plaintiff needed treatment for his serious medical need, yet denied or screened out Plaintiff's requests for treatment. Plaintiff has alleged sufficient facts to support the plausible conclusion that Pfeiffer was aware that his actions in denying Plaintiff's administrative appeal exposed Plaintiff to an excessive risk. Plaintiff has alleged that Defendant Pfeiffer was deliberately indifferent.

Defendant argues that there can be no claim for relief based on the failure to grant an administrative grievance because prisoners have no constitutional right to a prison administrative grievance system. Defendant's argument is not supported by law.

Defendant relies on two Ninth Circuit cases in support of the proposition that the processing of administrative grievances cannot form the basis of a claim for relief under Section 1983. In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a state's unpublished policy statements establishing a grievance procedure did not create a constitutionally protected liberty interest. The Ninth Circuit did not discuss Mann's claim in the context of any specific constitutional right, but state-created liberty interests are an element of Fourteenth Amendment due process claims. See Sandin v. Conner, 515 U.S. 472, 484 (1995) ("States may under certain circumstances create liberty interests which are protected by the Due Process Clause."). In Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003), the Ninth Circuit held that "inmates lack a separate

constitutional entitlement to a specific prison grievance procedure." Id. at 860 (citing Mann, 855 F.2d at 640). The Ninth Circuit applied that proposition to reject "Ramirez's claimed loss of a liberty interest in the processing of his appeals." Id.

Taken together, Mann and Ramirez cannot be read broadly enough to support the proposition that the processing of an administrative appeal cannot, in any circumstances, form the basis of a claim to relief under Section 1983. Mann and Ramirez are limited to holding that a Plaintiff has no substantive right to a prison grievance system and that due process claims based on the denial of or interference with a prisoner's access to a prison grievance system are not cognizable. Thus, if a prisoner were to raise a claim premised on an asserted denial of due process caused by denied or obstructed access to a prison's administrative grievance system, the claim would not be cognizable under Mann and Ramirez. However, here, Plaintiff is not claiming a loss of a substantive right in the processing of his appeals caused by the denial or obstructed access to a prison grievance system. Plaintiff's claim is based on rights secured by the Eighth Amendment--the right to be free from cruel and unusual punishments. The decisions in Mann and Ramirez do not touch upon whether an appeals reviewer's actions can be considered "cruel and unusual" within the meaning of the Eighth Amendment.

Defendant also cites Ham v. Clark, No. 1:08-cv-01982-LJO-SMS PC, 2009 WL 2355265 (E.D. Cal. July 29, 2009), to support their position that a prison official cannot be liable under Section 1983 for the processing of an administrative appeal. In Ham, a prisoner attempted to sue prison officials for the failure to provide pain medication which allegedly left Plaintiff in severe pain. Ham v. Clark, No. 1:08-cv-01982-LJO-SMS PC, 2009 WL 2355265, at *1-2 (E.D. Cal. July 29, 2009). The Court dismissed the plaintiff's claims against the prison officials who denied his administrative appeals on two separate grounds (1) because the plaintiff has no substantive right to a particular grievance procedure, and (2) because the plaintiff failed to demonstrate that the appeals reviewers were personally involved with Plaintiff's medical care or treatment. Id. The plaintiff's Eighth Amendment claims were dismissed because it appears that the plaintiff did not allege that the appeals reviewers had the authority to grant the plaintiff's request for treatment. Thus, it was unclear whether the plaintiff's administrative appeal was requesting treatment or whether the plaintiff was

5

merely complaining about another prison official's failure to provide him with treatment. The distinction is important because an appeals coordinator does not cause or contribute to a completed constitutional violation that occurs in the past. See George v. Smith, 507 F.3d 605, 609-610 (7th Cir. 2007) ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not"). However, if there is an ongoing constitutional violation and the appeals coordinator had the authority and opportunity to prevent the ongoing violation, a plaintiff may be able to establish liability by alleging that the appeals coordinator knew about an impending violation and failed to prevent it. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisory official liable under Section 1983 if he or she knew of a violation and failed to act to prevent it). Plaintiff has done so here. Plaintiff states a cognizable claim against Defendant Pfeiffer for the violation of Plaintiff's rights secured by the Eighth Amendment.

### III.     Conclusion and Recommendation

The Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendant Pfeiffer under Section 1983 for the violation of Plaintiff's rights secured by the Eighth Amendment. Plaintiff has sufficiently alleged that he suffered severe pain because prison officials failed to provide Plaintiff with dental treatment and medical treatment. Plaintiff further alleged that Pfeiffer was aware of Plaintiff's need for treatment and acted with deliberate indifference by denying Plaintiff's requests for treatment.

Accordingly, it is HEREBY RECOMMENDED that Defendant's motion to dismiss, filed on March 22, 2010, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

1  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  IT IS SO ORDERED.

4  **Dated:      July 28, 2010**                            /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE