# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KUNKEL, | CASE NO. 1:09-cv-00686-LJO-SKO PC |
|     Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
|     v. | (Doc. 50) |
| N. DILL, et al., | |
|     Defendants. / | |

Plaintiff Patrick Kunkel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 28, 2010, the Magistrate Judge issued a Findings and Recommendations which recommended that Defendant Pfeiffer's motion to dismiss be denied. (Doc. #50.) The Findings and Recommendations were served on all parties and contained notice that any objections to the Findings and Recommendations were to be filed within thirty (30) days of the date on which the Findings and Recommendations were served. Defendant Pfeiffer filed objections to the Findings and Recommendations on August 23, 2010. (Doc. #53.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Defendant Pfeiffer argues that Plaintiff fails to state a cognizable Eighth Amendment claim against Pfeiffer. Pfeiffer relies on Sevilla v. Terhune, No. 1:06-cv-00172-LJO-WMW, 2009 U.S.

Dist. LEXIS 41518, at *16 (E.D. Cal. May 1, 2009) in support of the proposition that a prisoner cannot state a cognizable Eighth Amendment claim against an appeals coordinator for denying an administrative appeal concerning medical care.  The language that quoted from Sevilla is dicta limited in application to the facts of that case.  It cannot stand for the expansive proposition that, as a matter of law, a prisoner cannot state an Eighth Amendment claim against a non-medically trained appeals coordinator for denying an administrative appeal requesting medical treatment.  The burden of establishing Section 1983 liability against an appeals coordinator with no medical expertise may be more difficult because the lack of medical expertise may suggest that the appeals coordinator was unaware of the risks caused by the denial of an administrative appeal.  However, the Court finds that Plaintiff, here, has alleged sufficient facts that plausibly support the conclusion that Defendant Pfeiffer, despite having no medical training, was aware that the denial of Plaintiff's administrative appeal requesting medical treatment exposed Plaintiff to an excessive risk of harm.

Accordingly, the Court HEREBY ORDERS that:

1. The July 28, 2010 Findings and Recommendations are ADOPTED in full; and
2. Defendant Pfeiffer's March 22, 2010 motion to dismiss is DENIED.

IT IS SO ORDERED.

**Dated:   September 14, 2010**            /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE