# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KUNKEL, | CASE NO. 1:09-cv-00686-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 27, 37, 39, 46, 51) |
| N. DILL, et al., | |
| Defendants. | |

Plaintiff Patrick Kunkel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 12, 2010, Plaintiff filed a request for entry of default against Defendants Garcia, Dill, and Robaina. (Doc. #27.) Plaintiff filed a second request for entry of default on May 18, 2010. (Doc. #37.) Defendants Garcia, Dill, and Robaina filed their answer to Plaintiff's complaint on June 14, 2010. (Doc. #44.) A summons received by the Court on July 16, 2010 indicated that Defendant Garcia was served on June 24, 2010. There is no record as to when Defendants Dill and Robaina were served. Therefore, there is no indication that Dill or Robaina's answer was untimely.

Plaintiff contends that Garcia, Dill, and Robaina were served on January 14, 2010. The Court notes that January 14, 2010, was the date the Court ordered the U.S. Marshal to serve the Defendants (doc. #15); it was not the date that the Defendants were served. Thus, Plaintiff's requests for entry of default will be denied.

On May 18, 2010, Plaintiff filed a motion requesting leave to file a supplemental complaint along with a copy of the proposed supplemental complaint. (Doc. #39.) Defendants filed an

1

opposition on May 28, 2010. (Doc. #40.) Plaintiff filed a reply to the opposition on June 22, 2010. Defendants correctly contends that pursuant to Local Rule 220, a supplemental pleading must be filed in a manner such that it is "complete in itself without reference to the prior or superseded pleading." Plaintiff has failed to file a complaint that reincorporates the allegations made in the operative complaint in this action. Accordingly, Plaintiff's supplemental pleading does not comply with Local Rule 220 and Plaintiff's motion will be denied.

On June 22, 2010, Plaintiff filed a motion requesting the U.S. Marshal to serve Defendants Dill, Robaina, and Garcia. (Doc. #46.) Dill, Robaina, and Garcia have already made an appearance in this action by filing a responsive pleading on June 14, 2010. Accordingly, Plaintiff's motion will be denied as moot.

On July 29, 2010, Plaintiff filed a motion requesting permission to "take audiotaped depositions, at the earliest possible date because of possible transfer, in the near future." (Doc. #51.) Plaintiff also requests a waiver for paying non-party witness fees, as required by Federal Rule of Civil Procedure 45. Plaintiff has not cited any authority that grants Plaintiff a waiver from the requirement that he pay witness fees to summon non-parties to a deposition. Plaintiff's request for a waiver of such fees will be denied.

It is unclear what Plaintiff is requesting in his motion and why he is requesting permission to take audio-taped depositions. Discovery is generally a self-executing process and it is unclear why the Court's intervention is necessary on this matter. Plaintiff does not require leave of the Court to conduct a deposition unless Plaintiff is attempting to conduct more than 10 depositions, the deponent has already been deposed, or the deponent is confined in prison. Federal Rule of Civil Procedure 30(a)(2). It is Plaintiff's burden to arrange and pay for the costs of any depositions he wishes to conduct. Unless stipulated otherwise, Plaintiff must arrange for an officer authorized under Federal Rule of Civil Procedure 28 to conduct the deposition. Federal Rule of Civil Procedure 30(b)(5). Plaintiff must provide proper notice of any depositions, as required by Federal Rule of Civil Procedure 30(b). Plaintiff does not need to seek leave of the Court to record a deposition via audiotape. If a party fails to attend a properly noticed deposition, Plaintiff may file a motion to compel, as outlined in Federal Rule of Civil Procedure 37(d). Accordingly, Plaintiff's motion will

be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's April 12, 2010, and May 18, 2010, requests for entry of default against Defendants Garcia, Dill, and Robaina are DENIED;

2. Plaintiff's May 18, 2010, motion to file a supplemental complaint is DENIED;

3. Plaintiff's June 22, 2010, motion requesting service is DENIED as moot; and

4. Plaintiff's July 29, 2010, motion requesting leave of Court to take audio-taped depositions is DENIED.

IT IS SO ORDERED.

**Dated:** **September 21, 2010**          /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE