# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK KUNKEL,

        Plaintiff,

   v.

N. DILL, et al.,

        Defendants.

        /

CASE NO. 1:09-cv-00686-LJO-SKO PC

ORDER DENYING MOTIONS TO COMPEL

(Doc. 56, 70)

Plaintiff Patrick Kunkel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 15, 2010, Plaintiff filed a motion to compel. (Doc. #56.) Defendants Pfeiffer, Zamora, Araich, Ali, Mendoza, Mackey, Dileo, Robaina, Garcia, and Dill ("Defendants") filed an opposition to Plaintiff's motion to compel on September 24, 2010. (Doc. #62.) Plaintiff filed a reply to Defendants' opposition on October 13, 2010. (Doc. #69.)

**I. Discussion**

    **A. Plaintiff's Motion to Compel**

Plaintiff's motion to compel identifies a number of document production requests that he propounded on Defendants. Plaintiff contends that Defendants have failed to produce the requested documents, but fails to address how Defendants' objections to each individual request were improper. Plaintiff generally argues that the requests were relevant to the claims raised in Plaintiff's complaint and that the documents requested are not privileged. Plaintiff has not attached copies of his original requests to his motion. Instead, Plaintiff has attached copies of Defendants' responses and

1

documents that Plaintiff titled "re-requests for documents" that appear to have been sent to Defendants after Defendants sent their responses to Plaintiff.

Plaintiff also contends that Defendants have not answered Plaintiff's interrogatories "fully or truthfully." (Mot. for Order Compelling Discovery 6, ECF No. 56.) However, Plaintiff fails to demonstrate how Defendants' responses were untruthful or incomplete. Plaintiff has not provided the Court with copies of the interrogatories or copies of Defendants' responses. To the extent that Defendants objected to the interrogatories, Plaintiff has made no arguments to demonstrate how the objections were improper.

It is neither the Court's nor Defendants' burden to read each discovery request and each response and formulate arguments on Plaintiff's behalf regarding the inadequacy of Defendants' objections. In contrast to Plaintiff's motion which fails to present specific arguments, Defendants' opposition meticulously analyzes each request and response and justifies each objection raised by Defendants. Plaintiff then filed a reply that presented specific arguments explaining how Defendants' objections were unfounded or improper.

Arguments made for the first time in a reply are generally waived. See Graves v. Arpaio, No. 08-17601, 2010 WL 3987721, at *3 (9th Cir. October 13, 2010) ("arguments raised for the first time in a reply brief are waived"); U.S. v. Romm, 455 F.3d 990, 997 (9th Cir. 2006) ("arguments not raised by a party in its opening brief are deemed waived"); Association of Irritated Residents v. C & R Vanderham Dairy, 435 F. Supp 2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief").

The justification for this rule is apparent here. Defendants were unaware of Plaintiff's specific arguments and their opposition brief blindly attempted to defend all possible arguments rather than offer pointed arguments in opposition to Plaintiff's arguments. It is apparent that Defendants' burden would have been far less onerous had they been aware of Plaintiff's arguments. Further, given the fact that the Local Rules only explicitly recognize a motion, an opposition, and a reply with regard to proper motion practice, see Local Rule 230(b)-(d), and (l), Defendants did not have a reasonable opportunity to file a response to the arguments raised for the first time in Plaintiff's reply brief.

For example, it was not until Plaintiff filed his reply brief that Defendants learned that the basis for Plaintiff's motion to compel the production of documents stemming from visits to outside hospitals was that the outside hospitals, for some unknown or unclear reason, refused to provide Plaintiff with Plaintiff's medical file. Plaintiff's reply brief argues that Defendants should contact the outside hospitals and obtain the files on Plaintiff's behalf. Defendants were unaware of this argument and opposed Plaintiff's motion by stating that they do not have possession of the medical files held by outside hospitals. Had Defendants known the basis of Plaintiff's motion, they could have noted in their opposition that a Rule 45 subpoena is the proper procedure for obtaining documents held by third parties.

Similarly, Plaintiff argued for the first time in his reply brief that he did not have sufficient access to his C-File because prison officials would not make copies of requested documents from his C-File for him. Plaintiff noted in his reply that he received an Olsen Review of his C-File on September 30, 2010 and had the opportunity to review the documents contained in his C-File. (Plaintiffs[sic] Opp'n to Defendants[sic] Opp'n to Mot. to Compel Ex. 6, at 3, ECF No. 69.) However, Plaintiff's main argument appears to be that prison officials are not providing Plaintiff with copy services for certain documents in his C-File. Similarly, the only argument raised in Plaintiff's reply brief with respect to Plaintiff's request for "a complete copy of the Plata v. Davis suit" is that prison officials will not provide Plaintiff with his own personal copy of the decision, and the prison's law library only provides a copy for Plaintiff to review. Had Plaintiff made these arguments in his motion rather than in his reply brief, Defendants could have argued in their opposition that nothing in Rule 34 compels Defendants to bear the costs for providing copy services for documents to which Plaintiff already has access merely because Plaintiff cannot afford or obtain copy services on his own. Instead, Plaintiff's motion to compel failed to mention why Defendants' response was inadequate; thus, Defendants did not have a reasonable opportunity to rebut Plaintiff's arguments.

The Court will deny Plaintiff's motion to compel. The Court also notes that Plaintiff filed a second motion to compel on October 13, 2010 that suffers from the same deficiencies as his September 15, 2010 motion to compel. Accordingly, the Court will also deny the October 13, 2010

motion to compel.

Plaintiff is advised that any future motion to compel must individually analyze each discovery request and response and set forth arguments to explain how Defendants' objection to each request is improper. Plaintiff's motion to compel must notify Defendants how each response is deficient. Specifically, the motion to compel must: 1) set forth the disputed request exactly as Plaintiff phrased it in his original request, 2) set forth Defendants' response exactly as Defendants phrased it in their original response, 3) address each objection made by Defendants and explain how each objection is improper, and 4) explain how any documents produced by Defendants were deficient or were not produced in a reasonable manner. Plaintiff may not raise his arguments for the first time in his reply brief and may not simply file a motion to compel that identifies the discovery requests in dispute and provide vague and general conclusions regarding the inadequacy of Defendants' response.

### B.   Meet and Confer

After reviewing the filings from Plaintiff and Defendants, the Court finds that the discovery requests that are in dispute may be resolved if the parties were to meet and confer. For example, Plaintiff's complaints regarding inadequate access to his C-file may be resolved if the parties conferred and the Defendants arranged for an appropriate time and place for Plaintiff to review his C-file.[1] Similarly, the Court notes that many of Plaintiff's document requests are written in a vague, confusing, and possibly overbroad manner.[2] By meeting and conferring, Plaintiff may be able to clarify and narrow the scope of those requests.

Accordingly, the Court will order Plaintiff to contact Defendants to arrange a time to meet and confer regarding any outstanding discovery disputes prior to filing a motion to compel. Since Plaintiff is incarcerated, Defendants are expected to reasonably make themselves available to meet

---

[1] Plaintiff is advised that he is only entitled to reasonable access to those documents; he is not entitled to unlimited access to discovery documents.

[2] For example, one of Plaintiff's requests asked for all appeals or lawsuits filed against Defendants. The request is vague and confusing because it is unclear what kinds of documents Plaintiff is requesting. The request is also far too broad and would encompass documents that are not reasonably calculated to lead to the discovery of admissible evidence.

and confer, either in person, via telephone, or via a video conference. The parties will also be required to prepare and file a Joint Statement re Discovery Disagreement in accordance with Local Rule 251 for any discovery disputes related to Plaintiff's document production requests.

### C. Sanctions

The Court declines to issue sanctions against either party at this time. As noted in this order, the record regarding the discovery disputes is not fully developed because Plaintiff failed to properly set forth his arguments in his motion to compel and raised most of his arguments for the first time in his reply brief. Thus, Defendants did not have a reasonable opportunity to address Plaintiff's arguments.

## II. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions to compel are DENIED. To the extent that Plaintiff wishes to re-file a motion to compel, the parties must meet and confer and file a Joint Statement re Discovery Disagreement regarding any outstanding discovery disputes prior to the filing of any motion to compel based on Plaintiff's document production requests.

IT IS SO ORDERED.

Dated:   November 1, 2010                    /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE