# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KUNKEL,<br><br>    Plaintiff,<br><br>  v.<br><br>N. DILL, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-00686-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTIONS<br><br>(Docs. 42, 46)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Patrick Kunkel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 1, 2010, Plaintiff filed a motion requesting a preliminary injunction. (Doc. #42.) Plaintiff requests the Court to order Kern Valley State Prison to issue "pen fillers" for indigent prisoners, to provide unlimited copies for prisoner litigants, "access to PLU with any known deadline," and to provide other services related to prisoner litigation. On June 21, 2010, Plaintiff filed a similar motion requesting the Court to order Kern Valley State Prison officials to provide Plaintiff with PLU status, unlimited copies, envelopes, paper, and pens. (Docs. #45.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

///

that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff's motions do not contain any discussion of Plaintiff's likelihood of success on the merits of this action, the existence of any threat of irreparable harm, the balance of the equities, the public's interest, or whether the relief requested is the least intrusive means necessary to correct the threat of irreparable harm. Accordingly, the Court will recommend that the motions be denied.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions requesting preliminary injunction be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised

///

///

///

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 4, 2011**                              /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE