# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KUNKEL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>N. DILL, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00686-LJO-SMS PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION<br><br>(Docs. 42, 45, 86)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. 88) |

　　　　Plaintiff Patrick Kunkel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint filed on October 8, 2009, against Defendants Garcia, Mendoza, Araich, Mackey, Robaina, Dileo, Dill, Pfeiffer, Ali, and Zamora for deliberate indifference to medical needs in violation of the Eighth Amendment. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Plaintiff filed a motion seeking the issuance of a preliminary injunction on June 1, 2010. A second motion seeking a preliminary injunction was filed on June 21, 2010. On February 7, 2011, the Magistrate Judge filed findings and recommendations[1] which was served on the parties and which contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. Plaintiff filed objections to the findings and recommendations on March 3, 2011, stating he wished to drop all issues of unlimited copying, envelopes, papers and pens. He is now seeking a preliminary injunction alleging he is being denied adequate access to the law

---

[1] The Court notes that the findings and recommendations referenced documents number 42 and 46, however the correct documents are number 42 and 45.

1

1  library. Plaintiff states that due to the prison being on lock down he has only been allowed access
2  to the law library three times since November 17, 2010, for two hours each time.

3  Plaintiff seeks an injunction requiring prison officials to allow him weekly access to the law
4  library. The Prison Litigation Reform Act places limitations on injunctive relief. Section
5  3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison
6  conditions shall extend no further than necessary to correct the violation of the Federal right of a
7  particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless
8  the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
9  violation of the Federal right, and is the least intrusive means necessary to correct the violation of
10 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

11 The pendency of this action does not give the court jurisdiction over prison officials in
12 general or over Plaintiff's access to the law library. Summers v. Earth Island Institute, 129 S. Ct.
13 1142, 1148-49 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The incidents
14 alleged in the objections to findings and recommendations are not related to the pending action and
15 do not involve these defendants. The court's jurisdiction is limited to the parties in this action and
16 to the viable legal claims upon which this action is proceeding. Summers, 129 S. Ct. at 1148-49;
17 Mayfield, 599 F.3d at 969. Therefore Plaintiff's motion for a preliminary injunction shall be denied.
18 Plaintiff is advised that if additional time is needed to prepare pleadings in this action due to limited
19 access to the law library he should file a motion for an extension of time.

20 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
21 de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings
22 and recommendations to be supported by the record and by proper analysis.

23 Accordingly, IT IS HEREBY ORDERED that:
24 1. The findings and recommendations, filed February 7, 2011, is adopted in full; and
25 2. Plaintiff's motions for a temporary restraining order filed June 1 and 21, 2010 and
26    March 3, 2011are DENIED.
27 IT IS SO ORDERED.
28 **Dated:    March 15, 2011                    /s/ Lawrence J. O'Neill**

UNITED STATES DISTRICT JUDGE