# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KUNKEL, | CASE NO. 1:09-cv-00686-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION REQUESTING LEAVE TO AMEND |
| v. | (Doc. 71) |
| N. DILL, et al., | |
| Defendants. | |

Plaintiff Patrick Kunkel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 13, 2010, Plaintiff filed a motion to amend his complaint. (Doc. #71.) Plaintiff seeks to file an amended complaint "for defendants not addressed in original complaint due to ongoing problems." (Request to File Supplemental/Amended Complaint on Issues Addressed in Original Case 1, ECF No. 71.) Plaintiff indicates that he "seeks to add 7 new defendants. I. Patel, A. Shittu, O. Rufino, S. Sakin-Kuehn, I. Grewal, Sherry Lopez, and S. Adame." (Request to File Supplemental/Amended Complaint 2, ECF No. 71.)

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once as a matter of course before a responsive pleading is served. Thereafter, a party may amend its pleadings only by leave of the Court or with written consent by the adverse parties. The Court should "freely give leave [to amend] when justice so requires." Federal Rule of Civil Procedure 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

///

In determining whether to grant leave to amend, the Court considers the following factors: 1) whether the movant unduly delayed brining the motion, 2) evidence of bad faith or dilatory motive on the part of the movant, 3) the movant's repeated failure to cure deficiencies by previous amendments, 4) prejudice to the opposing party, and 5) futility of amendment. Foman, 371 U.S. at 182. The analysis of these factors should be performed with all inferences in favor of granting the motion. Griggs v. Pace American Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999). However, a court's discretion to deny leave to amend is particularly broad where the plaintiff has already had an opportunity to amend the complaint. Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986). Plaintiff filed an amended complaint on October 8, 2009. (Doc. #8.)

Prejudice to the opposing party is the most important factor to consider when determining whether leave to amend should be granted. Zenith Radio Corp v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971). Prejudice is heightened when a plaintiff seeks to amend a complaint late in litigation. See Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989). Prejudice may result when an amendment would result in additional claims with different legal theories that require proof of different facts. See, e.g., Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387-88 (9th Cir. 1990).

The Court has reviewed the new allegations made in Plaintiff's amended complaint. These allegations concern incidents that occurred after the operative complaint in this action was filed on October 8, 2009. Further, Plaintiff's new claims and allegations relate only to persons who are not currently parties to this lawsuit. In other words, there appear to be no different or amended allegations against Defendants Garcia, Mendoza, Araich, Mackey, Robaina, Dileo, Dill, Pfeiffer, Ali, or Zamora.

Defendants argue that permitting Plaintiff to amend the pleadings at this late stage in the litigation would cause undue prejudice and delay. Defendants contend that extensive work has already been conducted in this case on their behalf and the addition of new defendants would delay resolution of this lawsuit. Defendants note that several discovery requests have been made by all parties and Plaintiff has already been deposed regarding the claims raised in the operative complaint.

The Court notes that this litigation has proceeded on the October 8, 2009, first amended complaint. Discovery began in March 23, 2010. The parties had engaged in nearly seven months of discovery by the time Plaintiff requested leave to amend. Permitting Plaintiff to amend would result in new defendants being added to the lawsuit, extension of discovery to accommodate the new defendants, and undue delay to the defendants who have been actively defending this lawsuit for nearly a year.

The Court also notes that Plaintiff has already been permitted to amend his complaint to raise new claims that occurred after he filed the original complaint in this action. Granting Plaintiff continued permission to assert new claims as they arise during the course of litigation will likely result in an infinite number of amendments. Each amendment will result in extended discovery and each discovery extension will result in the accumulation of new claims. Given the positions of both parties, it is inevitable that new claims will arise over the course of litigation. Plaintiff contends that the medical treatment he is and will be receiving is constitutionally deficient, while the prison officials contend that the medical treatment provided to Plaintiff is sufficient for constitutional purposes and will presumably continue to provide Plaintiff with the same level of treatment. If the Court were to permit Plaintiff to amend and add new claims each time he received treatment, there would be no end to this litigation.

Defendants further argue that the proposed amendments involve seven new defendants and claims based on a separate set of facts. Defendants argue that the new allegations and claims are not germane to the lawsuit as it is currently framed because the new allegations concern events that occurred between September 17, 2009, through March 3, 2010, while the claims raised in the operative complaint concern events that occurred before August 20, 2009.

Based on the allegations in the proposed amended complaint, leave to amend would be futile. Plaintiff's new claims cannot be joined in this action unless joinder is permitted under the Federal Rules of Civil Procedure. Rule 18(a) permits the joinder of any claims against the same party. However, the new claims raised in the proposed amended complaint are against new defendants. Thus, joinder would not be permitted under Rule 18(a). Rule 20(a) permits joinder of claims that

arise in the same transaction, occurrence, or series of transactions or occurrences. However, the new claims raised in Plaintiff's proposed amended complaint pertain to an entirely separate series of events that occurred after Plaintiff filed the first amended complaint in this action. Although the new claims have some factual similarity to the claims raised in the operative complaint because the claims concern the medical treatment provided for Plaintiff's ankle, they involve different prison officials and doctors and pertain to a separate series of events . Thus, Plaintiff's new claims must be brought in a separate lawsuit.

Based on the foregoing, the Court HEREBY ORDERS that Plaintiff's motion for leave to amend is DENIED.

IT IS SO ORDERED.

**Dated:   March 16, 2011**             /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE