# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KUNKEL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>N. DILL, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00686-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL<br><br>(ECF. Nos. 87, 90)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR SUBPOENAS<br><br>(ECF No. 98) |

I.  Procedural History

Plaintiff Patrick Kunkel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed October 8, 2009, against Defendants Garcia, Mendoza, Araich, Mackey, Robaina, Dileo, Dill, Pfeiffer, Ali, and Zamora for the violation of Plaintiff's rights under the Eighth Amendment. Plaintiff filed motions to compel on March 3 and 9, 2011. (ECF Nos. 87, 90.) Defendants filed an opposition to Plaintiff's motions to compel on March 17, 2011. (ECF No. 92.) Plaintiff filed a reply and motions for subpoenas in opposition on April 15, 2011. (ECF Nos. 97, 98.) Plaintiff filed a notice of new information regarding his motion to compel on March 29, 2011. (ECF No. 99.) Plaintiff's filed a statement in opposition on May 9, 2011. (ECF No. 100.)

II.  Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(A).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not meritorious.

Plaintiff's motion to compel filed March 3, 2011, alleges that he has attempted to contact defense counsel to meet and confer in compliance with the Court's order, however defense counsel is refusing to accept his phone calls. Plaintiff sent a letter to defense counsel on January 31, 2011, informing her that Plaintiff's calls were being refused. On February 2, 2011, Plaintiff attempted to make two phone calls that were refused. On February 3, 2011, Plaintiff wrote a letter to defense counsel requesting her plan to meet and confer. Plaintiff is requesting sanctions of $500 per day for defense counsel's refusal to meet and confer in compliance with the Court's prior orders.

Plaintiff's motion to compel filed March 9, 2011, states that Plaintiff received responses to his discovery requests and Defendants failed to answer all but one request. Plaintiff again requests sanctions of $500 per day for the failure to meet and confer.

Defendants respond that they have not refused to meet and confer. Plaintiff did not contact them to arrange a meet and confer prior to filing his motion to compel and they have provided complete responses to Plaintiff's discovery requests. Defense counsel received Plaintiff's letter

stating that he had sent discovery requests on January 14, 2011. Defense counsel wrote a letter to Plaintiff informing him that if he is dissatisfied with the responses to discovery requests he would need to contact her and arrange telephone contact to discuss his concerns. On February 12, 2011, defense counsel received a letter stating that Plaintiff had attempted to call her office and the calls were refused. Defense counsel contacted all office staff and there was no record that Plaintiff had attempted to call. Defense counsel sent Plaintiff a letter reiterating that she would speak with Plaintiff regarding his discovery concerns. After serving the discovery responses on Plaintiff, defense counsel did not receive any more letters from Plaintiff. Plaintiff did not attempt to set up a meet and confer in an attempt to file a joint statement prior to filing his motions to compel.

Plaintiff replies that defense counsel's claim that he failed to attempt to meet and confer are untrue as he attempted to contact the office and wrote letters. On April 29, 2011, Plaintiff filed a notice with additional information stating that he was informed by defense counsel that they attempted to call him, but the prison would not allow the phone call because he did not have funds available in his inmate account. Plaintiff sent defense counsel a letter informing her that since the prison is refusing to allow the phone call the only option is for defense counsel to come to the prison to meet and confer.

On May 5, 2011, Defendants filed a motion stating that on April 22, 2011, the parties telephonically met and conferred and Plaintiff's motion is moot. Defendant's request that Plaintiff's motions be denied.

To the extent that Plaintiff is seeking a motion to compel further responses to his discovery requests his motion fails to identify which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not meritorious. Plaintiff's motion to compel shall be denied as procedurally deficient.

Plaintiff requests sanctions of $500 per day for defense counsel's alleged failure to meet and confer. While Plaintiff states that he made several phone calls that defense counsel states were never received, Plaintiff submits no evidence that such calls were made. Additionally, defense counsel's staff was questioned and no record exists that any calls from Plaintiff were received. Defense

counsel has submitted letters written to Plaintiff indicating her attempts to comply with the Court's order to meet and confer. Additionally, the attempts to meet and confer were also frustrated by Plaintiff's failure to maintain adequate funds in his inmate account in order for him to accept a phone call. Since the parties have now met and conferred Plaintiff's motion for sanctions will be denied.

Based on the history of this litigation a need to meet and confer could arise in the future. Should the need arise the parties are advised that if future attempts to meet and confer telephonically are frustrated by Plaintiff's failure to have sufficient funds to receive a phone call, Defendants may meet and confer with Plaintiff by letter.

III.     Motions for Subpoenas Duces Tecum

Plaintiff filed a motion for two subpoenas duces tecum for the Court to issue at its discretion to prove that he placed phone calls to defense counsel. The Court shall deny the motion for the subpoenas as moot since the parties have now met and conferred.

IV.     Order

Accordingly it is HEREBY ORDERED that:

1. Plaintiff's motions to compel and for sanctions filed March 3 and 9, 2011, are DENIED;
2. Plaintiff's motion for subpoenas duces tecum filed April 15, 2011, is DENIED; and
3. If future attempts to meet and confer are frustrated by Plaintiff's failure to have sufficient funds in his trust account to accept a phone call, Defendants may meet and confer with Plaintiff by letter.

IT IS SO ORDERED.

**Dated:    May 26, 2011**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE