# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KUNKEL, | CASE NO. 1:09-cv-00686-LJO-SMS PC |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |
| N. DILL, et al., | |
| Defendants. | (ECF Nos. 109, 116, 117, 118) |
| | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION TO COMPEL |
| | (ECF No. 119, 120) |
| | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SIXTY DAY EXTENSION OF TIME |
| / | (ECF No. 121) |

I.   Procedural History

Plaintiff Patrick Kunkel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint, filed October 8, 2009, against Defendants Garcia, Mendoza, Araich, Mackey, Robaina, Dileo, Dill, Pfeiffer, Ali, and Zamora for the violation of Plaintiff's rights under the Eighth Amendment. Plaintiff filed a Motion to Compel on June 3, 2011. (ECF No. 109.) On June 21, 2011, Defendants filed an Opposition and Plaintiff filed a Reply on June 6, 2011. (ECF Nos. 116, 117, 118.) Plaintiff filed a Motion for Leave to File a Motion to Compel because Defendants refuse to meet and confer on August 1, 2011, and Defendants filed an Opposition on

August 18, 2011. (ECF Nos. 119, 120.) On August 24, 2011, Plaintiff filed a Motion for an Extension of Time. (ECF No. 121.)

II.     Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not meritorious.

Under Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev., 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev., 1991). A party is deemed to have control of documents when it has a legal right to obtain the documents. Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010). The relationship between the party and the person or entity having control of the documents is central to the inquiry of whether the party has control. Clark, 181 F.R.D. at 472. The special relationship that allows the party to command release of the documents usually exists under statute, affiliation or employment. Id.

        A.     Plaintiff's Motion to Compel

Plaintiff propounded requests for production of documents and brings this motion seeking an order to compel Defendants to produce documents responsive to three of his requests for production.

Plaintiff's Seventh Request for Production of Documents, POD No. 7 states:

> (KVSP) medical Appeal Tips book located in clinic's [sic]. It's a 3-ring binder located in medical that staff use to answer appeals.
>
> Plaintiff requests this book because it is his contention (KVSP) illegally denied his medical appeals.

Defendants' response states:

> Objection. Asked and answered. Plaintiff's Request for Production of Documents, Set Three.

Defendants' response to POD, Set Three states:

> Objection. Compound, and vague as to "tips," deals with," and "book in the medical office." Without waiving the objections, responding parties hereby produce California Code of Regulations, Title 15, §§ 3084.7 and 3085, and CDCR Department Operations Manual §§ 54100.32.

Defendants' supplemental response states:

> Objection. Compound, and vague as to "tips," deals with," and "book in the medical office." There is a document entitled "Appeals Tips" but it is protected by the attorney-client privilege and the work product doctrine and will not be produced.

Plaintiff's Seventh Request for Production of Documents, POD No. 8 states:

> (KVSP) report of investagation [sic] of Defendant Ariach in Appeal (Exhibit R in complaint] that Plaintiff filed. (KVSP) investagated [sic] Ariach due to this appeal.
>
> Plaintiff is requesting a copy of that investagation [sic].

Defendants' objection states:

> Objection. This request may invade the privacy rights of Ariach. As provided in the appeal responses, all staff personnel maters [sic] are confidential and are not shared with staff, members of the public, or inmates.

Plaintiff's Fourth Request for Production of Documents, POD No. 2 states:

> Any and all reports/investigations (For any of the defendants) History from California Medical/Dental Board.

Defendants objection states:

> Objection. Compound, and overly broad. This request also seeks information that would violate other inmates' right to privacy. Additionally, this request seeks information protected by the attorney-client privilege and work product doctrine. No documents will be produced for this request.

<u>Plaintiff's argument</u>: Plaintiff alleges that he attempted to file a joint motion as required by

3

1   the Court, but during a meet and confer defense counsel told him that he would have to "do it on his
2   own." Plaintiff argues that neither the attorney-client privilege or attorney work product privilege
3   extend to any of the documents he is seeking in this Motion to Compel. These documents are not
4   communication between an attorney and his client or prepared in anticipation of litigation. The tip
5   book he seeks has not been kept confidential from staff and is not considered privileged. This book
6   is used by staff to deal with inmate appeals and Plaintiff believes this book was used in denying his
7   appeals.
8         Plaintiff is only seeking the factual documentation of the investigation involving Plaintiff and
9   not any personal information that is entitled to confidentiality. Defendants have failed to show any
10  privilege as required and therefore the request for privilege should be waived.
11        Defendants' Opposition:
12        Defendants request denial of Plaintiff's Motion to Compel because these requests have been
13  the subject of a prior Motion to Compel that was decided by the Court. Plaintiff was previously
14  advised by the Court that the parties must file a joint statement, and he has failed to comply with the
15  Court's order. Plaintiff's claim that defense counsel refused to file a joint statement is untrue.
16  During the meet and confer, Plaintiff was informed that the documents he is requesting were
17  privileged and would not be produced. At no time did counsel tell Plaintiff that she would not file
18  a joint statement. Plaintiff never contacted defense counsel to attempt to file a joint statement, and
19  therefore his motion should be denied as he failed to comply with the order.
20        All three of these requests for production have been subject to prior Motions to Compel that
21  were denied by the Court. Plaintiff is attempting to relitigate the prior orders of this Court.
22  Plaintiff's Motion should be denied as it is duplicative.
23        Counsel has made a good faith attempt to produce the documents requested by Plaintiff.
24  Counsel participated in a meet and confer with Plaintiff regarding the documents at issue in his prior
25  Motion to Compel. Plaintiff's repeated motions to compel the same documents are burdensome and
26  harassing and have caused the State to pay fees to counsel in opposing these motions. Defendants
27  request that if this motion is denied, Plaintiff be ordered to pay Defendants' costs and attorney's fees
28  of $840 incurred in opposing this motion.

<u>Plaintiff's reply:</u> Plaintiff replies that the allegations that he has previously brought motions to compel these documents which were denied is untrue. The Court did not deny Plaintiff's motions, but ordered that the parties must meet and confer to work out the issues. Plaintiff requests sanctions of the $840 that is requested by Defendants, plus $10,000 for the untruthful statements made in opposing his motion.

<u>Ruling:</u> On September 15, 2010, Plaintiff filed a Motion to Compel and Defendants' Opposition was filed on September 24, 2010. (ECF Nos. 56, 62.) On October 13, 2010, Plaintiff filed a second Motion to Compel, and Defendants' Opposition was filed on October 25, 2010. (ECF Nos. 70, 74.) On November 11, 2010, an Order issued denying Plaintiff's Motions to Compel because he failed to properly set forth his arguments in his motion and raised them for the first time in his reply. (ECF No. 76.) The parties were ordered to meet and confer and file a joint statement regarding any discovery disputes based upon Plaintiff's document production requests.

On March 3 and 9, 2011, Plaintiff filed a Third and Fourth Motion to Compel and Defendants' Opposition was filed on March 17, 2011. (ECF No. 87, 90, 92.) On May 27, 2011, Plaintiff's Motions to Compel were denied as procedurally deficient, and the parties were informed that any future attempts to meet and confer could be by letter. The Court finds that the requests at issue in this Motion to Compel have not previously been denied on the merits, thus Defendants' request for costs is denied.

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice" and the attorney's advice in response. <u>In re Grand Jury Investigation</u>, 974 F.2d 1068, 1070 (9th Cir. 1992) (citations omitted). The attorney-client privilege applies "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client,, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." <u>United States v. Graf</u>, 610 F.3d 1148, 1156 (9th Cir. 2010) (quoting <u>United States v. Ruehle</u>, 583 F.3d 600, 607 (9th Cir. 2009)). "The work product doctrine is a 'qualified privilege' that protects 'certain materials prepared by an attorney acting for his client in anticipation of litigation.'" <u>Hernandez v. Tanninen</u>, 604 F.3d 1095, 1100 (9th Cir. 2010) (quoting

5

Upjohn Co. v. United States, 449 U.S. 383, 389 (1981)).  The party asserting the privilege has the burden of proving that the privilege applies to the discovery requested.  In re Grand Jury Investigation, 974 F.2d at 1070.  Defendants have failed to meet their burden to show that these documents were communications involving an attorney or were prepared by an attorney in anticipation of litigation.  Neither the attorney-client or work product privilege will prevent the disclosure of these documents.

Plaintiff's Seventh Request for Production of Documents, POD No. 7 seeks the tip book which is a record of appeals.  Plaintiff states that the tip book will be useful to show that his medical appeals were illegally denied.  However, this action is proceeding on Plaintiff's claims that medical and dental personnel were deliberately indifferent to his needs.  The complaint did not allege the denial of appeals, and therefore such evidence is irrelevant to the claims in this action.  Even assuming some marginal relevance, the Court fails to see how the tip book is reasonably likely to lead to the discovery of admissible evidence. **Plaintiff's motion for the production of the tip book is denied.**

Plaintiff's Seventh Request for Production of Documents, POD No. 8 seeks the report of investigation of the appeal Plaintiff filed against Defendant Ariach.  Defendants object because the findings of the investigation are confidential and are not disclosed to staff, members of the public, or inmates.  Plaintiff states that he is only seeking the factual findings and not any confidential findings that were issued based upon the investigation.  The factual findings of the investigation are relevant to the claims proceeding in this action.  Additionally, the factual findings could lead to the discovery of admissible evidence.  **Accordingly, Defendants shall produce the report of investigation which includes the factual findings and all confidential findings and information shall be redacted.**

Plaintiff's Fourth Request for Production of Documents, POD No. 2 seeks investigations from the Medical and Dental Board on all Defendants.  While the information requested may be potentially relevant, it is not likely to lead to any admissible evidence in this action.  Additionally, the Court notes that such investigation, conducted by the Medical or Dental Board, is likely not in the possession or control of Defendants in this action.  **Accordingly, since this request is not**

**reasonably calculated to lead to evidence that would be admissible in this action, Plaintiff's request for further production is denied.**

Plaintiff requests sanctions due to Defendants conduct in this action. **The Court does not find any conduct on the part of Defendants in this action to justify the imposition of sanctions and Plaintiff's request is denied.**

III.   Plaintiff's Request to File a Joint Motion to Compel and Motion for an Extension of Time

Plaintiff alleges that Defendants are failing to meet and confer and requests that he be allowed to file a motion to compel without a joint statement. The Court shall grant Plaintiff's request and will relieve the parties from the requirement that they meet and confer and file a joint statement of discovery disagreements.

Additionally, Plaintiff has filed a motion seeking a sixty-day extension of time to conduct discovery due to the failure to meet and confer. In Plaintiff's Request to File a Motion to Compel he includes a letter which addresses specific discovery requests to which he seeks a response. Plaintiff's letter references POD Nos. 1, 2, 4, and 6 of his Seventh Request for Production of Documents. The Court will partially grant Plaintiff's request in that he shall be granted an extension of time to bring a motion to compel for those requests addressed in his letter to counsel dated June 21, 2011.

IV.   Order

Based on the foregoing it is HEREBY ORDERED that:

1. Plaintiff's Motion to Compel, filed June 3, 2011, is GRANTED IN PART AND DENIED IN PART as follows:

    a. Plaintiff's motion for additional production of documents is DENIED for Plaintiff's Fourth Request for Production of Documents, POD No. 2 and Plaintiff's Seventh Request for Production, POD No. 7; and

    b. Plaintiff's motion is GRANTED as to Plaintiff's Seventh Request for Production, POD No. 8, and within thirty days of the date of service of this order Defendants shall produce the report of investigation which includes the factual findings with all confidential findings and information redacted;

2. Plaintiff's Motion for Leave to File a Motion to Compel is GRANTED and the parties are relieved from the requirement that they meet and confer and file a joint statement of discovery disagreements; and

3. Plaintiff's Motion for a Sixty Day Extension of Time is GRANTED IN PART as follows:

    a. Plaintiff's shall be given leave to file a motion to compel within thirty days from the date of service of this order;

    b. The leave granted is solely to file a motion to compel for POD Nos. 1, 2, 4, and 6 of Plaintiff's Seventh Request for Production of Documents; and

4. No further extensions of time for discovery shall be granted without a showing of good cause.

IT IS SO ORDERED.

Dated:   September 6, 2011           /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE