1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  PATRICK KUNKEL,                             CASE NO. 1:09-cv-00686-LJO-BAM PC

10                  Plaintiff,                 ORDER PERMITTING PLAINTIFF
                                               OPPORTUNITY TO FILE SUPPLEMENTAL
11       v.                                    OPPOSITION AND GRANTING THIRTY
                                               DAYS TO FILE OPPOSITION IN LIGHT OF
12  N. DILL, et al.,                           SEPARATELY-ISSUED SUMMARY
                                               JUDGMENT NOTICE
13                  Defendants.
                                               (ECF Nos. 137, 163)
14
    _____ /         THIRTY-DAY DEADLINE
15

16       Plaintiff Patrick Kunkel ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 14, 2011, Defendants

18  Ali, Araich, Dileo, Mackey, and Robaina filed a motion for summary judgment.  Plaintiff filed an

19  opposition on January 17, 2012, and Defendants filed a reply on January 24, 2012.  The motion was

20  submitted under Local Rule 230(l) and on May 23, 2012, findings and recommendations issued

21  recommending granting in part and denying in part Defendants' motion for summary judgment.  On

22  June 13, 2012, Defendant Zamora filed a motion for summary judgment.

23       In light of the recent decision in Woods v. Carey, Nos. 09-15548, 09-16113, 2012 WL

24  2626912, at *5 (9th Cir. Jul. 6, 2012), Plaintiff must be provided with "fair notice" of the

25  requirements for opposing a motion for summary judgment at the time the motion is brought and the

26  notice given in this case some two years prior does not suffice.  Id.

27       By separate order issued concurrently with this order, the Court provided the requisite notice.

28  Plaintiff shall be granted the opportunity to file a supplemental opposition to Defendants Ali, Araich,

Dileo, Mackey and Robaina's motion for summary judgment.[1]  Plaintiff has not yet filed an opposition to Defendant Zamora's motion for summary judgment.  Plaintiff shall be granted thirty days in which to file an opposition or statement of non-opposition to Defendant Zamora's motion for summary judgment.  Should Plaintiff file an opposition to Defendant Zamora's motion for summary judgment prior to receiving this order, he may either stand on the previously-filed opposition or withdraw it and file an amended opposition.  If Plaintiff files an opposition and fails to withdraw it as directed in this order, the Court will consider that opposition in deciding Defendant Zamora's motion for summary judgment.

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff may, within **thirty (30) days** from the date of service of this order file a supplemental opposition to Defendants Ali, Araich, Dileo, Mackey, and Robaina's motion for summary judgment;

2.    If Plaintiff does not file a supplemental opposition in response to this order, his existing opposition will be considered in resolving Defendants' motion for summary judgment;

3.    If Plaintiff elects to file a supplemental opposition, Defendants' may file a supplemental reply pursuant to Local Rule 230(l);

4.    Within thirty days from the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to Defendant Zamora's motion for summary judgment; and

5.    If Plaintiff fails to file an opposition or statement of non-opposition in compliance with this order this action may be dismissed, with prejudice, for failure to comply with a court order.

IT IS SO ORDERED.

**Dated:**    **July 12, 2012**          /s/ **Barbara A. McAuliffe**
                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes the comprehensive nature of Plaintiff's existing opposition, but its adequacy is apparently irrelevant.  Plaintiff is entitled to an opportunity to file an amended opposition following "fair notice" to him of the requirements for opposing a summary judgment motion.  Woods, 2012 WL 2626912, at *5.