# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KUNKEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. DILL, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00686-LJO-BAM PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 137, 145, 146, 154, 162, 172, 173)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SURREPLY, DENYING PLAINTIFF'S MOTION TO FILE A SURREPLY, AND STRIKING PLAINTIFF'S SURREPLY FROM THE RECORD<br><br>(ECF Nos. 147, 148, 149, 150)<br><br>ORDER GRANTING DEFENDANT ZAMORA THE OPPORTUNITY TO FILE A MOTION FOR SUMMARY JUDGMENT NUNC PRO TUNC TO JUNE 13, 2012 |

　　Plaintiff Patrick Kunkel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　On May 23, 2012, findings and recommendations issued recommending granting in part and denying in part Defendants' motion for summary judgment and notifying the parties that objections were to be filed within thirty days. (ECF No. 162.) On July 13, 2012, an amended second informational order issued pursuant to Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012), and

Plaintiff was granted the opportunity to file a supplemental opposition to the motion for summary judgment. (ECF No. 168, 169.) Plaintiff was specifically advised in the order permitting Plaintiff an opportunity to file a supplemental opposition that if he did file a supplemental opposition his existing opposition would be considered in resolving the motion for summary judgment. (Order 2:1-15, ECF No. 169.) On July 31, 2012, Plaintiff filed objections to the findings and recommendations and on August 3, 2012, Defendants filed a reply. (ECF Nos. 172, 173.) More than thirty days have passed and Plaintiff has not filed a supplemental opposition to Defendants' motion for summary judgment. Since Plaintiff has not filed a supplemental opposition in compliance with the July 13, 2012 order, his existing opposition shall be considered in resolving Defendants' motion for summary judgment.

In his objection to the motion for summary judgment, Plaintiff attempts to make new arguments and produce new evidence that was not included in his opposition to the motion for summary judgment. Plaintiff had the opportunity to present his evidence and make his arguments in the opposition to Defendants' motion for summary judgment, and was granted the opportunity to file a supplemental opposition which he failed to do. The Court declines to exercise its discretion to consider Plaintiff's arguments and evidence asserted for the first time in the objection to the findings and recommendations.[1] Espinosa -Matthews v. California, 432 F.3d 1021, 1026 n.4 (9th Cir. 2005); United States v. Howell, 231 F.3d 615, 621-622 (9th Cir. 2000).

Plaintiff argues that based upon the procedure used to process requests for medical services Defendant Araich would have been aware of his requests for pain medication. Plaintiff failed to present any evidence of the procedure used to process requests for medical services in his opposition to the motion for summary judgment. However, the Magistrate Judge reviewed the requests for medical services that Plaintiff submitted in his opposition and found there is no indication that these requests were seen by Defendant Araich prior to the dates she treated Plaintiff, if at all.

Further, Plaintiff argues that the Magistrate Judge failed to include evidence he submitted

---

[1] In the reply, Defendants raise objections to Plaintiff's evidence, since the Court declines to consider new evidence submitted in the objection to the findings and recommendations, the Court shall not address Defendants' evidentiary objections.

2

in the findings and recommendations. In making the findings and recommendations the Magistrate Judge considered all relevant evidence which Plaintiff had submitted in his opposition. Evidence Plaintiff alleges has been excluded is evidence that was found to be inadmissible and therefore appropriately was not considered. Plaintiff also continues to argue that the medication he was given was not recommended to treat the type of pain he was experiencing. Plaintiff is not a medical expert, and therefore, he is not competent to testify to matters that require scientific, technical, or other specialized knowledge. Fed. R. Civ. P. 702. Even if the medication prescribed to Plaintiff was primarily used for the treatment of other medical conditions or types of pain, that is not sufficient to create a triable issue of material fact. Defendants have presented evidence that the medication Plaintiff was prescribed was widely used to treat chronic pain.

Finally, Plaintiff must do more than attack the credibility of defendants' evidence to survive summary judgment. See National Union Fire. Ins. Co. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir. 1983) ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert . . . judgment.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the undersigned finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed May 23, 2012, is adopted in full;
2. Defendants' motion to strike Plaintiff's sur-reply, filed February 13, 2012, is GRANTED;
3. Plaintiff''s motion to file a sur-reply, filed February 27, 2012 is DENIED;
4. Plaintiff's sur-reply, filed February 10, 2012, is STRICKEN FROM THE RECORD;
5. Defendants' motion for summary judgment, filed November 11, 2011, is GRANTED IN PART AND DENIED IN PART as follows:
   a. Defendant Araich's motion for summary judgment is GRANTED;
   b. Defendant Mackey's motion for summary judgment is GRANTED for her treatment of Plaintiff on February 15, 2007, and DENIED for her refusal to

allow Plaintiff to see a physician on February 20, 2007;

   c. Defendant Robaina's motion for summary judgment is DENIED;

   d. Defendant Dileo's motion for summary judgement is DENIED;

   e. Defendant Ali's motion for summary judgment is GRANTED;

6. Defendant Zamora is granted an opportunity to file a motion for summary judgment nunc pro tunc to June 16, 2012; and

7. This action is referred back to the Magistrate Judge for consideration of Defendant Zamora's motion for summary judgment.

IT IS SO ORDERED.

**Dated: August 29, 2012**    /s/ Lawrence J. O'Neill
                  UNITED STATES DISTRICT JUDGE