# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KUNKEL, | CASE NO. 1:09-cv-00686-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT ZAMORA'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| N. DILL, et al., | |
| Defendants. | (ECF Nos. 163, 166, 168, 170, 171.) |
| | THIRTY-DAY DEADLINE |

**Findings and Recommendations on Motion for Summary Judgment**

**I.  Procedural History**

Plaintiff Patrick Kunkel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Following resolution of two motions for summary judgment, this action is now proceeding against Defendants Garcia, Robaina, Dileo, Mackey, and Zamora for deliberate indifference in violation of the Eighth Amendment.[1] (ECF Nos. 161, 174.)  On June 13, 2012, Defendant Zamora filed a motion for summary judgment. (ECF No. 163.)  Plaintiff filed an opposition on July 24, 2012, and Defendant Zamora filed a reply on July 31, 2012.[2]  (ECF Nos. 170, 171.)

///

---

[1] Defendant Zamora was granted summary judgment on Plaintiff's claim that she was deliberately indifferent to his dental needs in an order issued May 21, 2012.  (ECF No. 161.)

[2] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by Defendant in a notice filed July 10, 2012, and by the Court in an order filed on July 13, 2012.  Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

1

## II. Relevant Allegations in First Amended Complaint

During the time relevant to this action, Defendant Zamora was the Health Care Manager at Kern Valley State Prison ("KVSP"). (First Am. Compl. ¶ 16, ECF No. 8.) In the fall of 2006, Plaintiff was seen by Dr. Akanno for ankle pain due to an old ankle injury and prescribed pain medication. (Id. at ¶¶ 69, 70.) On November 14, 2007, Plaintiff had surgery to remove hardware from his ankle, and on this same date Defendant Zamora denied Plaintiff's second level appeal regarding the lack of dental treatment and she refused to investigate, did not explain why it took seven months for Plaintiff to get dental treatment, and covered up for dental staff. (Id. at ¶¶ 54, 86.) On November 15, 2007, Plaintiff filed an administrative appeal concerning the lack of post op care and treatment after ankle surgery. (Id. at ¶ 89.) Defendant Zamora responded to Plaintiff's appeal concerning the lack of medical care by Defendant Araich and failed to address the basis of Plaintiff's appeal. (Id. at ¶ 132.)

## III. Motion for Summary Judgment

### A. Motion for Summary Judgment Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). However, the court is to liberally construe the filings and motions of pro se litigants. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). The "party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (quoting Rule 56(c) of the Federal Rules of Civil Procedure).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec.

2

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record for consideration. Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to mine the record for triable issues of fact. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1017 (9th Cir. 2010).

### B. Statement of Undisputed Fact

1. Defendant Zamora was employed with the California Department of Corrections and Rehabilitation ("CDCR") from 2001 to June 1, 2012. She was the Health Care Manager with CDCR at KVSP from May 2006 through August 2008. (Zamora Dec. ¶ 1.)
2. Defendant Zamora's responsibilities as the Health Care Manager were purely administrative and she was not involved in the day-to-day care and treatment of patients. (Id. at ¶ 2.)
3. Defendant Zamora is not a licensed medical provider. She cannot provide medical treatment nor can she order medical treatment to be performed. (Id.)
4. Plaintiff submitted an inmate appeal, log #07-01806, dated August 27, 2007, concerning failure to receive treatment for his ankle from Nurse Practitioner Araich. In that appeal, Plaintiff claimed that Araich took him off his pain medication and that he suffered from chronic pain. He requested (1) to see a pain specialist immediately, (2) to get an MRI on his ankle to see what was wrong with it, and (3) to receive chronic pain treatment. (Id. at ¶¶ 4, 7, Exhibit A, Inmate Appeal, sections A and B.)
5. Defendant Zamora reviewed this appeal at the second level of review, but she did not decide the appeal. Because Defendant Zamora is not a medical provider, her job was to review the appeal and the second level decision to ensure that the decision covered all Plaintiff's medical issues. (Id. at ¶ 4.)

6. Defendant Zamora read the first level decision in conjunction with the second level decision to determine whether all of Plaintiff's issues were addressed. (Id. at ¶ 5.)

7. During her review of the first level decision, Defendant Zamora found that Plaintiff was interviewed by KVSP's Director of Nursing, SRN II Wright-Pearsen, for the first formal level of review. Wright-Pearsen found that Plaintiff had an appointment with an orthopedic surgeon in the "near, near future" and that they would wait for the orthopedic specialist's recommendations regarding the MRI and treatment for his ankle. (Id. at ¶¶ 5, 7, Exhibit A, Inmate Appeal, section E.)

8. Upon review of the second level decision, Defendant Zamora found that RN Ducusin and SRN Nair were assigned to investigate the appeal at the second level of review. Prior to responding to the appeal, RN Ducusin interviewed Plaintiff, reviewed his unit health records, and determined that NP Araich had ordered pain medication for Plaintiff, an ankle x-ray on June 15, 2007, and orthopedic referral on September 6, 2007, a podiatry referral on September 14, 2007, and a referral for Plaintiff to received ankle surgery, which he had on November 14, 2007. (Id. at ¶¶ 6, 7, Exhibit A, November 15, 2007, Second Level Response; First Am. Compl. ¶¶ 80, 83, 86.)

9. RN Ducusin looked at Plaintiff's ankle and also witnessed Plaintiff in his cell profusely perspiring due to strenuous exercise. After noting Plaintiff's past complaints and treatment, RN Ducusin and SRN Nair denied Plaintiff's appeal. (Zamora Dec. ¶¶ 6, 7, Exhibit A, November 15, 2007 Second Level Response.)

10. Defendant Zamora signed the second level decisions because the issues in Plaintiff's appeal had been addressed in the second level of review response. Plaintiff had seen an orthopedic surgeon who would dictate the needed treatment for his ankle and whether an MRI was necessary. Plaintiff had just had surgery on his ankle. Also, RN Ducusin had determined that Plaintiff was receiving adequate pain treatment for his ankle pain at KVSP. (Id. at 6.)

11. In the findings and recommendations to Defendants Araich, Ali, Mackey, Dr. Dileo, and Robaina's motion for summary judgment, the undersigned found that it was clear from the record that Plaintiff received medical treatment and his complaints of pain were not ignored,

and that he failed to raise any triable issues of material fact as to his Eighth Amendment medical care claim against Defendant Araich from June 15, 2007 through November 13, 2007. (Findings and Recommendations on Defendants Araich, Ali, Mackey, Dr. Dileo and Robaina's motion for summary judgment, 24:14-19, ECF No. 162.)

### C. Defendant's Position

Defendant Zamora argues that the motion for summary judgment should be granted because there is no evidence that she was deliberately indifferent to Plaintiff's medical needs by signing the second level response that denied Plaintiff's inmate appeal. (Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment 2-3, ECF No. 163-1.) Defendant Zamora states that she reviewed the decision, but did not decide the appeal. Since she is not a medical provider her role was to review the appeal to determine if all of Plaintiff's issues had been addressed in the appeal. (Id. at 3.)

Defendant Zamora reviewed the first and second level appeal decisions and determined that Plaintiff's issues had been addressed in the second level response. (Id.) Plaintiff had seen an orthopedic surgeon who would determine the treatment needed and whether an MRI was necessary. (Id. at 3-4.) Plaintiff had received surgery on his ankle and RN Ducusin had determined that Plaintiff was receiving adequate treatment for his ankle pain. (Id. at 4.) There is no evidence that Defendant Zamora was deliberately indifferent in signing off on the second level appeal, and this Court has determined that Plaintiff received medical treatment from Defendant Araich between June 15, 2007 and November 13, 2007, and that his complaints were not ignored. (Id. at 8.)

### D. Plaintiff's Position

Plaintiff argues that Defendant Zamora did respond to medical and dental appeals filed by Plaintiff and her statements to the contrary are false.[3] (Plaintiff's Opposition to Defendant Zamora's

---

[3] Plaintiff argues that Defendant Zamora was responsible for delaying his referral for specialty treatment due to contract disputes. He argues that the claim in his complaint regarding the delay in receiving his orthopedic shoes would have been against Defendant Zamora. Plaintiff may not now expand the scope of this litigation via his opposition to Defendant's motion for summary judgment. See Gilmore v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004). Plaintiff's claims are confined to those screened and found cognizable by the Court. Plaintiff's only allegation regarding Defendant Zamora that remains in this action is that on November 15, 2007, she responded to his inmate appeal regarding Araich. (First Amended Compl. ¶ 132, ECF No. 8; Findings and Recommendations Recommending Dismissing Certain Claims and Defendants 17:24-18:14, ECF No. 12.)

Motion for Summary Judgment 2, ECF No. 170.) Plaintiff claims that when H. Ducusin came to see him, she did not enter his cell, but only interviewed him through the door or window and did not examine Plaintiff. She did not see Plaintiff working out so it is impossible for her to state that he was performing strenuous exercise. (Id. at 4.) Ducusin stated that she reviewed Plaintiff's records and he was taking metacarbamols. Plaintiff contends that these are muscle relaxers and the court can clearly see that he was not having muscle pain. The pain Plaintiff was experiencing was from the plate that was screwed into his ankle. Plaintiff explained that he had side effects from the medication yet he was placed on it anyway. (Id. at 5.)

Plaintiff admitted to Araich that he was working out, doing push-ups, but told her that he crossed his bad ankle over his good ankle to avoid putting weight on it or moving it. The specialist stated that his ankle was not fine and the fact that he was denied pain medication because he was working out demonstrates deliberate indifference. (Id. at 6.) Plaintiff argues he should never have been refused a specialist for a second opinion. Araich failed to timely file the correct paperwork although she stated that she would on June 15, 2007. Plaintiff argues that by reading the appeal Defendant Zamora did not address his issues at all. (Id. at 7.)

Plaintiff claims that Defendant Zamora fails to mention the inadequate treatment he received by Araich because she is covering up for Araich's deliberate indifference. (Id. at 9.) Plaintiff states that Defendant Zamora admitted that she could decide appeals and she followed the deliberate indifference of Araich by denying his appeal. (Id. at 20.)

### E. Defendant's Reply

Defendant replies that there is no evidence that she was knew of an excessive risk to Plaintiff's health when she signed off on the second level of review. When she reviewed the appeal and responses, Defendant Zamora believed that his health records evidenced that the issues raised in his appeal had been addressed and he had received the treatment requested. Further, because she is not a medical provider, Defendant Zamora relied on the medical opinion of the three nurses who reviewed Plaintiff's health care records and agreed that he was receiving adequate treatment by

---

Plaintiff's arguments unrelated to the claim proceeding here shall be disregarded.

Araich. (Reply to Opposition to Defendant Zamora's Motion for Summary Judgment 2, ECF No. 171.)

While Plaintiff disagreed with the findings and recommendations that found that Defendant Araich was not deliberately indifferent to his medical needs, he has failed to present any admissible evidence that the medications he was prescribed were inadequate or that he was purposely prescribed medication in disregard to his health. (Id. at 6.) Further, Defendant objects to Plaintiff's assertion that the medication he was prescribed is an anti-epileptic medication and nerve pain medication, and Plaintiff's Exhibit 11 which is a formulary with a date of 2009 and does not establish that the medication was restricted in 2007. (Objection 1-2, ECF No. 171-1.)

### F. Discussion

The Court finds that Defendant has met her initial burden of informing the Court of the basis for her motion, and identifying those portions of the record which she believes demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus., 475 U.S. at 586 (1986).

While Plaintiff continues to argue that Nurse Practicioner Araich was deliberately indifferent in treating his ankle pain, her motion for summary judgment has been granted and the court found that she was not deliberately indifferent in responding to Plaintiff's medical needs. (ECF No. 162 at 19:25-28:19, adopted August 29, 2012, at ECF No. 174.) The claim at issue in this motion for summary judgment is that Defendant Zamora was deliberately indifferent to Plaintiff's serious medical needs when she signed off on the second level appeal response dated November 15, 2007. (ECF No. 163-4 at 8-10.)

The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing and denying inmate appeals cannot serve as a basis for liability under section 1983. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). To establish liability for defendants involved in the denial of medical grievances, Plaintiff must set forth evidence that the medical care he requested was medically necessary and the denial therefore constituted deliberate

1   indifference to his medical needs.  See Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

2          A prisoner's claim of inadequate medical care does not constitute cruel and unusual
3   punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical
4   needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S.
5   97, 104 (1976)).  The "deliberate indifference" standard involves an objective and a subjective
6   prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v.
7   Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the
8   prison official must act with a "sufficiently culpable state of mind," which entails more than mere
9   negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer, 511 U.S.
10  at 837.

11         The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious
12  medical need' by demonstrating that failure to treat a prisoner's condition could result in further
13  significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's
14  response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.  A prison official does not
15  act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk
16  to inmate health or safety." Farmer, 511 U.S. at 837.  "Deliberate indifference is a high legal
17  standard," Simmons, 609 F.3d at 1019; Toguchi, 391 F.3d at 1060, and is shown where there was
18  "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the
19  indifference caused harm, Jett, 439 F.3d at 1096.

20         Defendant does not dispute that Plaintiff had a serious medical condition that required
21  medical treatment.  The issue here is whether Defendant Zamora was deliberately indifferent to
22  Plaintiff's serious medical need by signing off on the grievance.  Plaintiff states that Defendant
23  Zamora was deliberately indifferent arguing that Araich had failed to provide adequate medical care
24  during the time period leading up to Defendant Zamora reviewing his inmate appeal.  The argument
25  that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the
26  Constitution himself is not correct.  "Only persons who cause or participate in the violations are
27  responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute
28  to the violation.  Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); accord George v. Smith, 507

F.3d 605, 609-10 (7th Cir. 2007); see Owens v. Hinsley, 635 F.3d 950, 953 (7 th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create liberty interests protected by the Due Process Clause, and so the alleged mishandling of [an inmate's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Defendant Zamora did not cause or contribute to any violation that occurred prior to her reviewing Plaintiff's appeal.

Defendant Zamora is not medical personnel and her involvement in reviewing and evaluating Plaintiff's appeal was to determine if all Plaintiff's issues had been addressed. (UF 5). Defendant Zamora reviewed the first level appeal decision and saw that Plaintiff had been interviewed by KVSP's Director of Nursing, SRN II Wright-Pearsen. Wright-Pearsen had found that Plaintiff had an appointment with an orthopedic surgeon in the "near, near future" and that they would wait for the orthopedic specialist's recommendations regarding the MRI and treatment for his ankle. (UF 7.) In reviewing the second level decision, Defendant Zamora found that RN Ducusin and SRN Nair had been assigned to investigate the appeal at the second level of review. Prior to responding to the appeal, RN Ducusin interviewed Plaintiff, reviewed his unit health records, and determined that Araich had ordered pain medication for Plaintiff and an ankle x-ray on June 15, 2007; had made an orthopedic referral on September 6, 2007; a podiatry referral on September 14, 2007; and a referral for Plaintiff to receive ankle surgery. Plaintiff had surgery on his ankle on November 14, 2007. (UF8.)

The evidence before the Court does not show that Defendant Zamora was aware that Plaintiff had a serious medical need that was not being adequately addressed by medical staff. In his appeal Plaintiff had requested (1) to see a pain specialist immediately, (2) to get an MRI on his ankle to see what was wrong with it, and (3) to receive chronic pain treatment. (UF 4.) In reviewing Plaintiff's appeal, Defendant Zamora saw that Plaintiff was receiving medication for his ankle pain. Plaintiff had been referred to and been examined by a specialist. Plaintiff had surgery for his ankle on November 14, 2007. (UF 8.) Further, the medical personnel who had reviewed Plaintiff's claims had found that he was receiving adequate treatment. (UF 10.)

Nothing in the record supports Plaintiff's claim that Defendant Zamora was aware of any

serious medical need that was not being adequately addressed by medical personnel. See Green v. Daley, 414 F.3d 645, 656 (7th Cir. 2005) (quoting Spruill v. Gillis, 372 F.3d 218, 236 (3rd Cir. 2004) ("If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands"); Hayes v. Snyder, 546 F.3d 516, 527-28 (7th Cir. 2008) (summary judgment affirmed where non-medical defendants relied on professional judgment of medical prison officials and nothing made it obvious that inmate may not be receiving adequate medical care). Plaintiff has failed to meet his burden to raise a genuine issue of material fact that Defendant Zamora was deliberately indifferent by signing off on the second level appeal. Accordingly, the Court recommends that Defendant Zamora's motion for summary judgment be granted.

**IV.   Conclusion and Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant Zamora's motion for summary judgment, filed June 3, 2012 be GRANTED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 16, 2012**          **/s/ Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE