UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KUNKEL, | 1:09-cv-00686-BAM PC |
| Plaintiff, | |
| v. | ORDER REFERRING CASE FOR SETTLEMENT CONFERENCE |
| N. DILL, et al., | |
| Defendants. | |

Plaintiff is a California state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. The court has determined that this case would benefit from a settlement conference; therefore, this case will be referred to Magistrate Judge Kendall J. Newman to conduct a settlement conference on May 6, 2013, at 9:00 a.m. at the U.S. District Court, in Courtroom #25.

A separate order and writ of habeas corpus ad testificandum will issue forthwith.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Kendall J. Newman on May 6, 2013, at 9:00 a.m. at the U.S. District Court, 501 I Street, Sacramento, California, in Courtroom #25.

2. Defendants' lead counsel and a person with full and unlimited authority to

negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. No later than April 29, 2013, the parties are directed to exchange non-confidential settlement statements. These statements shall simultaneously be delivered to the court using the following email address: kjnorders@caed.uscourts.gov. Plaintiff shall either mail or deliver his settlement statement to the Clerk's Office, located on the 4th Floor. If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

IT IS SO ORDERED.

Dated:   April 10, 2013                         /s/ Barbara A. McAuliffe
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).