UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK KUNKEL,<br><br>   Plaintiff,<br><br>   v.<br><br>N. DILL, et al.,<br><br>   Defendants. | No. 1:09-cv-0686 BAM P<br><br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding without counsel.  The court has now received the transcript of the settlement agreement placed on the record on May 6, 2013 (ECF No. 197).

    In plaintiff's June 10, 2013 motion to cancel the settlement agreement, plaintiff's primary reason for seeking to set aside the settlement was the delay in receiving the payment. On July 15, 2013, plaintiff filed a second motion seeking a ruling on the settlement, in which plaintiff claims that his understanding of the settlement agreement was that the agreed payment was to be in addition to the payment of plaintiff's restitution balance.

    However, the court has reviewed the transcript of the settlement agreement, which makes clear that the agreed settlement was the <u>total</u> amount to be paid (Tr. at 2:1-2), and that the funds would first be applied to plaintiff's outstanding restitution balance, and the rest would be paid to plaintiff's inmate trust account (Tr. at 3:4-7).  Moreover, the undersigned expressly informed the parties, on the record, that payment could take up to six months, but hopefully would be

something less than six months. (Tr. at 2:13-16.) The court informed defense counsel that the court wanted payment and the filing of dispositional document to happen sooner than six months if humanly possible. (Tr. at 6:25-7:1-3.) Ironically, plaintiff's payment cannot be processed until he signs and returns the paperwork forwarded to him by defense counsel. Therefore, any delay in the receipt of payment is due solely to plaintiff's own making. Finally, the parties were informed that a party could not refuse to sign the agreement based solely on a change of heart as to the settlement amount following the settlement agreement. (Tr. at 5:3-13.)

Therefore, plaintiff is directed to file, within 21 days, a statement as to whether he still wishes to contest the settlement and, if so, on what grounds. In the alternative, plaintiff may simply sign the paperwork provided by defense counsel so that efforts can be made to expedite payment of the settlement amount pursuant to the court's record.

In light of the above, IT IS HEREBY ORDERED that:

1. Plaintiff is directed to file, within 21 days, a statement as to whether he still wishes to contest the settlement and, if so, on what grounds; and
2. The Clerk of the Court is directed to send plaintiff a copy of the May 6, 2013 settlement transcript (ECF No. 197).

Dated: August 23, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kunk0686.set2